IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CASE NO. 5:13-CR-67-2 (MTT) |
| | ) | |
| ANDREW DIXON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER

Federal prisoner Andrew Dixon, proceeding pro se, has moved the Court for reconsideration of its Order denying his motion for compassionate release (Doc. 94). For the following reasons, Dixon's motion (Doc. 96) is **DENIED**.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Dixon's only argument that merits discussion is that a recent Supreme Court decision should alter the Court's prior analysis. Dixon argues that the Court wrongly

enhanced his sentence based on the Supreme Court's recent ruling in *Borden v. United States*, 141 S.Ct. 1817 (2021).  Doc. 97 at 1.  But *Borden*, which discussed the elements necessary for an offense to qualify as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e), is irrelevant to Dixon's motion for compassionate release.[1]  Even if Dixon had been wrongly sentenced based on the *Borden* decision, that would not qualify as an extraordinary and compelling reason as defined by the Sentencing Commission's relevant policy statement and commentary.  U.S.S.G. § 1B1.13.  Thus, because Dixon may not receive compassionate release based on sentencing issues, his motion for compassionate release was properly denied.  *United States v. Bryant*, 996 F.3d 1243, 1254 (11th Cir. 2021) (holding that a prisoner's circumstances must match one of the four categories of extraordinary and compelling reasons listed in the commentary to be eligible for compassionate release).

The remainder of Dixon's arguments are inappropriate in a motion for reconsideration because they either are restated arguments that the Court previously considered or arguments being raised for the for the first time.  *See McCoy*, 966 F. Supp. at 1222-23.

In conclusion, Dixon has raised no relevant change in the law, newly discovered evidence, or clear error in the Court's previous Order.  Accordingly, his motion for reconsideration (Doc. 96) is **DENIED**.

---

[1] Dixon was convicted under the Armed Career Criminal Act in the Southern District of Georgia but not in this District.  *United States v. Dixon*, 5:12-cr-18-WTM-BWC, Doc. 78 at 1; Doc. 69 at 1.  His sentence from this Court was ordered to run consecutive to the one he received in the Southern District.  Doc. 69 at 2.

-3-

**SO ORDERED**, this 31st day of August, 2021.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT