IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:13-CR-67 (MTT) |
| | ) |
| ANDREW DIXON, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**ORDER**

Federal prisoner Andrew Dixon, proceeding pro se, has again moved the Court for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1). For the following reasons, the motion (Docs. 98; 99) is **DENIED**.

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in district court. Before the Act, "compassionate release" was available only upon motion by the Director of the Bureau of Prisons. The amended statute provides that once a movant has established that he has fully exhausted his administrative rights, a *court*

> may reduce the term of imprisonment … after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement and commentary found at U.S.S.G. § 1B1.13, which were promulgated before the enactment of the First Step Act of 2018, provide guidance on the grounds for compassionate release, specifically on what constitutes "extraordinary and compelling" reasons warranting a sentence reduction. Only four circumstances qualify as

extraordinary and compelling reasons.  First, extraordinary and compelling reasons may exist based on the medical condition of the prisoner if the prisoner is suffering from a terminal illness or the prisoner's ability to provide self-care within the environment of a correctional facility is substantially diminished and he or she is not expected to recover from at least one of the following: a serious physical or medical condition; a serious functional or cognitive impairment; or the deterioration of physical or mental health because of the aging process.  § 1B1.13 cmt. n.1(A).  Second, the age of the prisoner can qualify as an extraordinary and compelling reason if the prisoner is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.  § 1B1.13 cmt. n.1(B).  Third, family circumstances can constitute extraordinary and compelling reasons if the caregiver of the prisoner's minor child or children dies or is incapacitated, or when the prisoner's spouse or registered partner becomes incapacitated and the prisoner would be the only available caregiver for the spouse or registered partner.  § 1B1.13 cmt. n.1(C).  Fourth, referred to as the "catch-all" provision, an extraordinary and compelling reason may be present when the Director of the Bureau of Prisons determines that such a reason exists.  § 1B1.13 cmt. n.1(D).

      Disagreeing with other circuits addressing the issue, the Eleventh Circuit has held that this policy statement and commentary are applicable to, and limit, prisoner-filed motions for compassionate release.  *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021).  Moreover, the fourth or "catch-all" circumstance applies only to

compassionate release determinations made by the Director of the Bureau of Prisons. *United States v. Guyton*, 859 F. App'x 435, 437 (11th Cir. 2021) (summarizing *Bryant*).

Accordingly, for Dixon to establish that extraordinary and compelling reasons exist and warrant a sentence reduction, he must establish that he is not dangerous and that he falls within one or more of the three applicable circumstances defined in the policy statement's commentary. *Bryant*, 996 F.3d at 1253 ("If [the prisoner] is not dangerous and his circumstances fit into an approved category, then he is eligible, and the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted.").

**A. Whether Dixon has Shown an Extraordinary and Compelling Reason**

Dixon asserts that he has been taking prednisone for twenty years, which has suppressed his immune system. Doc. 99 at 1. This, according to Dixon, puts him at an increased risk of severe illnesses, such as COVID-19. *Id*. Dixon also states that the prison in which he is housed has an especially high number of COVID-19 cases. Doc. 98 at 1.

Dixon has not argued that any of his medical conditions are terminal illnesses or that they have substantially reduced his ability to provide self-care within the prison. *See* § 1B1.13 cmt. n.1(A). Further, the mere risk that Dixon may contract COVID-19 does not fall within one of the three applicable circumstances defined in the policy statement's commentary. Accordingly, because Dixon has not established that extraordinary and compelling reasons exist as defined by § 1B1.13, he is not entitled to the relief that he seeks.

**B. Section 3553(a) factors**

As noted, and contrary to other circuits addressing the issue, a prisoner in this circuit is ineligible for a reduction if he or she does not establish that extraordinary and compelling reasons, as defined by U.S.S.G. § 1B1.13, exist. *Bryant*, 996 F.3d at 1254. If the prisoner has established extraordinary and compelling reasons, then "the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted." *Id*. Logically, if a prisoner has not established an extraordinary and compelling reason, there is no need to address the § 3553(a) factors. That is particularly true where, as here, a prisoner does not even contend that he has established any of the circumstances that qualify as extraordinary and compelling reasons. However, because of contradicting authority,[1] and the Court's own desire to thoroughly address the merits of Dixon's motion, the Court will consider the § 3553(a) factors relevant to his circumstances.

In October 2014, Dixon was sentenced to 37 months imprisonment for a drug charge to which he pled guilty. Doc. 69 at 1-2. Dixon was classified as a career offender based on his extensive criminal history, and the Court specified that Dixon's sentence was to run consecutive to a 188-month sentence that Dixon received in the

---

[1] In *United States v. Cook*, the Eleventh Circuit reversed a district court's denial of an inmate's motion for compassionate release because the district court had not analyzed the applicable § 3553(a) factors, despite a finding that the prisoner had not first established an extraordinary and compelling reason warranting a sentence reduction. 998 F.3d 1180, 1184 (11th Cir. 2021) ("[A]n order granting or denying compassionate release … must indicate that the court considered the applicable [§ 3553(a)] factors."). As a result of *Cook*, multiple district court orders denying compassionate release were reversed for not addressing the applicable § 3553(a) factors. *United States v. Janwatanagool*, 849 F. App'x 905, 906 (11th Cir. 2021); *United States v. Lonergan*, 859 F. App'x 464 (11th Cir. 2021); *United States v. Adams*, 2021 WL 4227704 (11th Cir. Sept. 16, 2021). But then, in *United States v. Giron*, the Eleventh Circuit held that "[w]hen denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." 15 F.4th 1343, 1347 (11th Cir. 2021).

Southern District of Georgia earlier in 2014.  *Id*. at 2; Doc. 65 at 6-16; *see United States v. Dixon*, 5:12-cr-18-WTM-MWC (S.D. Ga. Mar. 7, 2014).  Dixon's projected release date is October 22, 2028.  Doc. 84.

Dixon has a lengthy criminal history and many of his arrests were drug related.  Doc. 65 at 7-16.  Because of this history and the nature of his crime, granting Dixon compassionate release would not reflect the seriousness of his crime, promote respect for the law, provide just punishment, or deter future criminal conduct.  18 U.S.C. § 3553(a)(2).  Thus, the Court finds that the § 3553(a) factors do not support Dixon's early release.

Because Dixon has failed to establish that extraordinary and compelling reasons warrant a sentence reduction and that the § 3553(a) factors weigh in favor of his early release, his motion for compassionate release (Docs. 98; 99) is **DENIED.**

**SO ORDERED**, this 18th day of March, 2022.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT